**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CR-22-01436-001-TUC-JCH (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Misty Vilet Bogart, | |
| Defendant. | |

Before the Court is Defendant's Motion requesting that she be writ into federal custody to address the detainer against her for her supervised release violation. Doc. 43.

In 2022, Defendant pleaded guilty to one count of conspiracy to transport illegal aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i). Doc. 40. The Court sentenced Defendant to 24 months in the Bureau of Prisons followed by 36 months of supervised release. *Id.* On May 30, 2025, U.S. Probation filed a Petition to Revoke Supervised release alleging Defendant committed several state crimes. Doc. 41. An arrest warrant issued. Doc. 42. Defendant was thereafter convicted in Cochise County of theft of means of transportation and endangerment and is serving a 10-year sentence.[1] Her projected release date is December 2033. *Id.*

Defendant states that, because of the pending federal detainer, she is being held in the "max yard" and accordingly, has few programing and employment opportunities. Doc.

---

[1]Arizona Department of Corrections, Inmate Data Search, https://corrections.az.gov/inmate-data-search.

43.[2] The Government responds that "no grounds require this Court to initiate federal supervised release violation proceedings to clear the detainer that is in place when the defendant completes her state sentence." Doc. 46 at 1. The Government further argues that "[t]he defendant's state arrest and convictions do not require the commencement of federal supervised release proceedings," and "[n]o statutory or constitutional provisions compel her to be taken into federal custody before her state custody ends." Doc. 46 at 3.

The Court agrees with the Government. The Government is not required "to writ a defendant out of state custody and bring [her] before the federal district court for [her] revocation hearing . . . which would be extremely burdensome." *United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (*Id.*). Further, there is no constitutional or statutory authority requiring the Court to order the prompt resolution of Defendant's supervised release violation. The U.S. Marshal's Service has a detainer against Defendant and will transport her to federal custody after her release from state custody, at which point the Court will resolve her pending supervised release violation.

Accordingly,

**IT IS ORDERED denying** Defendant's Motion (Doc. 43).

Dated this 18th day of June, 2026.

John C. Hinderaker
United States District Judge

---

[2] According to the Arizona Department of Corrections, Defendant's custody class is "medium/moderate." Arizona Department of Corrections, Inmate Data Search, https://corrections.az.gov/inmate-data-search.